NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50080 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00651-R-1 |
| v. | |
| EDGAR ALEXANDER LOBOS, AKA Lil Degon, AKA Payaso, AKA Pelon, AKA Smokey, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted July 11, 2018**
Pasadena, California

Before: FISHER,*** WATFORD, and FRIEDLAND, Circuit Judges.

Edgar Lobos appeals the denial of his motion to suppress evidence relating

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

to his possession of a gun in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

Lobos first contends that the district court abused its discretion by denying him an evidentiary hearing on his motion to suppress. We are not persuaded. "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Lobos's bare contention that he "did not waive [his] *Miranda* rights during questioning" is a legal conclusion and is insufficient to demonstrate that a factual dispute exists. *See United States v. Rodriguez*, 518 F.3d 1072, 1076 (9th Cir. 2008) ("[W]e review the district court's factual findings concerning the words a defendant used to invoke his *Miranda* rights for clear error and whether the words actually invoked those rights de novo."); *cf. Orr v. Bank of America, NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (explaining that, to demonstrate a material fact dispute "[t]o defeat summary judgment, [a party] 'must respond with more than mere . . . legal conclusions'" (quoting *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1104 (9th Cir. 1986))).

Lobos next argues that the district court should have suppressed the evidence that he was in possession of a gun and his statement that he owned the gun because the Government lacked probable cause to arrest him. We disagree. A woman

2

alleged she was raped and provided a precise and accurate description of Lobos. That description together with her later photo identification of Lobos were enough to assure a prudent person that there was a "fair probability" that Lobos was the rapist. *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984). This is so even assuming the identification process was suggestive. Once the victim confirmed that the person shown in the photos of Lobos was her assailant, and given that he matched her prior description, the officers had probable cause to arrest him.

**AFFIRMED.**